UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| SAUL CHIRE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-cv-00383-RFB-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| NEW CASTLE CORP., et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | (Docket No. 25) |

Presently before the Court is Defendant New Castle Corp.'s motion for an additional pretrial conference pursuant to FRCP 16(a). Docket No. 25. The Court finds that this motion is properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court hereby DENIES Defendant's motion.

**BACKGROUND**

On September 19, 2014, Defendant filed a motion for an additional pretrial conference pursuant to FRCP 16(a). Docket No. 25. Defendant represents that it had attempted, on numerous occasions, to resolve discovery disputes and move forward with discovery without court intervention. *Id.* However, Defendant asserts that discovery is at "a screeching halt." *Id.*, at 4. Defendant requests "the Court's assistance of continuing control of discovery so that the case will not be protracted and to discourage wasteful pretrial activities." *Id.*, at 3-4. Additionally, Defendant requests that any discovery extension "be contingent on Plaintiff providing specific dates for depositions and of witnesses . . . and providing a date for the parties to meet and confer." *Id.*, at 5.

. . .

**DISCUSSION**

Federal Rule of Civil Procedure 16 vests the Court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." Fed.R.Civ.P. 16 advisory committee's note, 1983 Amendment; *see* Fed.R.Civ.P. 16(a) ("In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences...."). The Court has discretion in ordering a pretrial conferences under Rule 16(a). *See* Fed R. Civ. P. 16(a); *Hayden v. Chalfant Press, Inc.,* 281 F.2d 543, 544-45 (9th Cir.1960); *D'Anna v. McElroy*, 132 F.3d 38 (9th Cir. 1997) (finding the district court did not abuse its discretion by denying a pretrial conference).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, *8 (D. Nev. Aug. 1, 2013) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). "It is regrettable that counsel for the parties and/or the parties themselves have so much difficulty cooperating with discovery and the Court is often called upon to spell out detailed rights and responsibilities." *Id.,* at *8. Defendant's motion reveals that the discovery disputes at issue here stem from the unreasonable behavior of attorneys on both sides. By way of example, Defense counsel represents that the parties set up a time for a meet and confer over the telephone, but that neither party attempted to contact the other because each assumed the other would be initiating the telephone call. *See* Docket No. 25 at 3. ("[O]n September 18, 2014, Mr. Reinach responded that he would contact Excalibur's counsel that afternoon at 2:30 p.m. to hold a telephone conference. Despite Mr. Reinach's assurance, he did not call. Mr. Reinach later claimed in e-mail correspondence that Ms. Hall had failed to call him, and that he was working on scheduling the depositions").[1]

In their correspondence discussing the unsuccessful telephone call, Plaintiff's counsel told Defense counsel that he needed some additional time to complete a stipulation to seek an extension

---

[1] Prior to this phone call, discovery was delayed somewhat by a serious injury sustained by the wife of Plaintiff's counsel. *See* Docket No. 25-1, at 2,4,18,20-22. The Court, of course, does not include this delay in its determination regarding the behavior of counsel. The Court understands that Plaintiff's counsel needed to act as a caregiver for his wife during this difficult time, and finds that the delay that resulted from her medical condition is reasonable.

of the discovery cut-off. *See* Exh. F ("I expect to have that to you for your review by Monday"). Plaintiff's counsel also stated that he spoke to his witnesses with respect to their availability for depositions. *Id.* Rather than cooperating with Plaintiff's counsel, Defense counsel filed the pending motion the following day. "Obstructive refusal to make reasonable accommodation, such as [Defense counsel] exhibited, not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994). The Court expects better cooperation between counsel in making a plan for completing discovery. "Counsel should seek judicial intervention only as a last resort after thoroughly discussing the dispute." *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, *8 (D. Nev. Aug. 1, 2013) .

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant New Castle Corp.'s motion for an additional pretrial conference pursuant to FRCP 16(a) (Docket No. 25) is **DENIED**.

DATED:  September 26, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge