Christian Gabroy, Esq.
Gabroy Law Offices
The District at Green Valley Ranch
170 S. Green Valley Parkway, Suite 280
Henderson, NV 89102
Telephone: (702) 259-7777
Facsimile: (702) 259-7704
Alan J. Reinach, Esq. of counsel, *pro hac vice*
Attorneys for Plaintiff SAUL CHIRE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SAUL CHIRE,<br><br>　　　　　Plaintiff,<br>v.<br><br>NEW CASTLE CORP., d.b.a. EXCALIBUR HOTEL & CASINO;<br>　　　　　Defendant. | Case No. 2:14-cv-00383 -RFB -NJK<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

The parties to this action, Defendants NEW CASTLE CORP., d.b.a. EXCALIBUR HOTEL & CASINO and Plaintiff SAUL CHIRE, by their respective counsel, hereby stipulate and request that the Court enter a protective order pursuant to Fed. R. Civ. P. 26 as follows:

WHEREAS, Defendants have sought information concerning the personal income of a witness, not a party to this action, Pastor Eliezer Benavides, and further have sought information pertaining to any interest of the Church State Council with respect to these proceedings, and

WHEREAS counsel for Plaintiff has agreed to provide this information to Defendants by means of a sworn declaration executed by Pastor Benavides, and that such information shall be disclosed and designated as "Confidential Information:"

-1-

**CHIRE v. NEW CASTLE CORP.**　　　　　　　　　　　　**STIPULATION FOR PROTECTIVE ORDER**

THEREFORE, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c) governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein:

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure and FRE 502 (d) and (e).

2. The Protective Order shall govern the above referenced Declaration of Pastor Eliezer Benavides, deemed to be "Confidential Information."

3. Except as required by law, Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

4. Qualified recipients shall include only the following:

   (a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

   (b) Deposition notaries and staff;

   (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

   (d) The parties to this litigation, their officers, and professional employees.

5. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

6. Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

9. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), counsel for Defendant agrees to the return or destroy the previously furnished Confidential Information, i.e., the Declaration of Pastor Eliezer Benavides, including any copies thereof, and will be obligated to return or destroy it within thirty (30) days of a request.

10. Defendant reserves the right to use the information at trial and/or settlement conference(s); Plaintiff reserves the right to object to the use of the information at trial.

11. Once executed by all parties, the Stipulation shall be by treated by the Parties as an Order of the Court until it is formally approved by the Court.

Dated: January 6, 2015

Respectfully submitted,

/s/
CHRISTIAN GABROY, ESQ.
GABROY LAW OFFICES
Alan J. Reinach, Esq.
Church State Council
Attorneys for Plaintiff Saul Chire

Dated: January 6, 2015

VERONICA ARECHEDERRA HALL, ESQ.
Jackson Lewis
Attorneys for Defendants

**IT IS SO ORDERED**

Dated this __7th__ day of ____January__, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge